IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| Abdullah Drew Hakim (R-66864), Plaintiff | ) ) ) | Case No: 13 C 50067 |
|---|---|---|
| v. | ) ) ) | Judge Frederick J. Kapala |
| Warden Kenneth Osborne, et al, Defendants. | ) ) ) | |

## ORDER

Plaintiff's second amended complaint [37] is accepted. Plaintiff may proceed on Counts I through V and Counts IX through XIV. Counts VI through VIII are dismissed as duplicative of Counts I through III. The Clerk shall issue summonses for service of Plaintiff's second amended complaint [37] on Defendants Warden Kenneth Osborne and Drug Counselor A. Stotler. The United States Marshals Service is appointed to serve Defendants Warden Kenneth Osborne and Drug Counselor A. Stotler. The already-served Defendants shall file their responsive pleading within 21 days of this order. In light of the second amended complaint, Defendants' motion to dismiss [25] is denied without prejudice as moot.

(Docketing to Mail Notices)

## STATEMENT

Plaintiff, Abdullah Drew Hakim, a prisoner at the Western Correctional Center, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has submitted a second amended complaint. Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the amended complaint.

On December 29, 2011, while incarcerated at the Sheridan Correctional Center, Plaintiff entered into an Earned Good Conduct Credit (EGCC) contract that was to end March 27, 2012. The completion of the contract would shorten the length of Plaintiff's incarceration by 45 days.

On January 15, 2012, Plaintiff submitted a "complaint/appeal" against Defendant Stephanie Wright. Plaintiff's complaint requested that Plaintiff be housed in another building because Wright was administering discipline without following protocol. The complaint stated that Plaintiff feared that Wright was creating a false paper trial of misconduct by Plaintiff to have him transferred to another facility so that he would loose his placement in drug treatment, barber college, job placement, and his EGCC. Within days of the complaint, Wright falsely accused Plaintiff of threatening her. In February 2012, Wright falsely accused Plaintiff of threatening another inmate.

On February 23, 2012, Plaintiff was transferred to C7 and placed on "pink tag." A pink tag identifies inmates who are on disciplinary transfer and those on pink tag are deprived of all institutional privileges. Later, Plaintiff was served with a disciplinary report based on the false allegations by Wright.

On February 28, 2012, Plaintiff appeared before the adjustment committee. Plaintiff denied

the charges against him. Defendant Stan Brooks informed Plaintiff that he received Plaintiff's letter, even though it was not addressed to him, and that Plaintiff would be demoted from Phase II of the drug treatment program to Phase I of the program. Shortly thereafter, Plaintiff learned that his EGCC contract had been terminated.

Plaintiff was moved from C7 to C21. On March 23, 2012, Plaintiff entered into another EGCC contract. Plaintiff alleges that Wright and Brooks had Plaintiff transferred to C21 because they knew that Defendant Amanda Stotler was on that tier and that she writes false disciplinary tickets. On April 1, 2012, Stotler falsely accused Plaintiff of threatening another inmate. Plaintiff then filed a grievance with Defendant Lawry against Wright and Stotler.

On April 5, 2012, Defendant Kenneth Osborne told Plaintiff he should be transferred and he threatened Plaintiff with a transfer for filing so many grievances and complaining all the time. On April 17, 2012, Stotler falsely accused Plaintiff of misconduct. Plaintiff was again transferred to C7 and placed on "pink tag." Later, Plaintiff received one of his EEGC contracts that falsely indicated that Plaintiff quit the program. Plaintiff alleges that Defendants Jim Utley and Defendant William Myers failed to award Plaintiff his EGCC in a conspiracy with Brooks and Wright.

On April 24, 2012, Plaintiff appeared before the adjustment committee regarding Stocker's false disciplinary report. At the hearing, Defendant Chairman Yanarella, spoke with Brooks who told Yanarella to be sure that Plaintiff was transferred. Yanarella and Defendant Chairman Stocker found Plaintiff guilty of the charges without conducting any type of actual hearing. Plaintiff was found guilty of additional disciplinary charges at an April 30, 2012, hearing to ensure that Plaintiff lost privileges and would get transferred. On June 6, 2012, Plaintiff was transferred to Western Correctional Center.

Plaintiff brings fourteen counts against nine Defendants. Plaintiff may proceed on Counts I through V and Counts IX through XIV. Counts VI through VIII are dismissed as they are duplicative of Counts I through III (all alleging a violation of the First Amendment by retaliating against Plaintiff for writing grievances and complaints).

The already-served Defendants shall file their responsive pleading within 14 days of this order. The United States Marshals Service is appointed to serve the Defendants who have not yet been served - Warden Kenneth Osborne and Drug Counselor A. Stotler. Any service forms necessary for Plaintiff to complete will be sent by the U.S. Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former Sheridan Correctional Center employee who can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the U.S. Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the U.S. Marshal. Address information shall not be maintained in the court file, nor disclosed by the U.S. Marshal. The U.S. Marshal is authorized to send a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Date: July 29, 2013